# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

GENESIS RECOVERY SERVICES, INC., )
)
    Plaintiff, )
)
    v. )    C.A. No. CPU6-21-001174
)
EDWARD L. JORDAN, III, )
ADMINISTRATOR OF THE ESTATE )
OF SIRETA SNEAD, )
)
    Defendant. )

Submitted: January 18, 2023
Decided:  March 31, 2023

Patrick Scanlon, Esquire
Law offices of Patrick Scanlon, P.A.
203 N.E. Front Street, Suite 101
Milford, DE 19963
*Attorney for Plaintiff*

Edward L. Jordan, III
33835 Gordy Road
Laurel, DE 19956
*Pro Se*

## DECISION AFTER TRIAL

Genesis Recovery Services, Inc. ("Plaintiff") brought this action against Edward L. Jordan, III ("Defendant"), through its legal counsel, seeking to collect a debt against Defendant, the Administrator for the estate of Sireta Snead, his mother. The Court held a trial on January 18, 2023, and reserved its decision. The Court finds by a preponderance of the evidence Plaintiff has met its burden that Decedent owed money on a credit card, Plaintiff now holds ownership of that debt and Defendant, as Administrator of his mother's estate is responsible for payment.

**MIMS, J.**

Plaintiff called Defendant as its only witness. Plaintiff seeks judgment in the amount of $11,600.13. This amount includes $8,853.53 for the Principal Debt, $1,116.80 for Pre-Judgment Interest, $1,495.55 for Attorney's Fees and $134.25 for Court Costs. Plaintiff showed Defendant documents including: the Estate Claim, Defendant's Rejection of the Claim, Defendant's Response to Request for Admissions, the Cardholder Agreement from the original creditor, the Bill of Sale with Exhibits and Account Statements.[1]

Defendant testified on his own behalf and submitted no documentary evidence. Defendant testified Sireta Snead ("Decedent") was his mother, and he was her sole heir and Administrator of her estate. Decedent passed away intestate. Defendant admitted Decedent maintained a post office box that he learned about while closing the estate. Defendant stated he was not sure of the exact address. Defendant lives in Decedent's property located at 3835 Gordy Road, Laurel, DE. Defendant testified he had no idea if anyone was allowed to sue if a debtor passed away. Defendant stated there were no live witnesses to authenticate documents and therefore no proof of who rightfully owns the debt.

## PROCEDURAL AND FACTUAL HISTORY

After hearing testimony at trial, the Court finds the relevant facts to be as follows:

On July 1, 2021, Plaintiff filed a Statement of Claim with the Register of Wills for Decedent's estate in the amount of $10,363. 95.[2] Plaintiff stated the basis of the claim was a credit card agreement with an obligation date due of October 28, 2019.[3] The claim named Decedent who lived at 33835 Gordy Road, Laurel Delaware 19956, and her Social Security number.[4] Plaintiff

---

[1] Plaintiff's Exhibits B – G.
[2] Plaintiff's Exhibit B.
[3] *Id.*
[4] *Id.*

2

asserted the claim was being filed within the time set forth in 12 *Del. C.* § 2102.[5] Plaintiff attached

a statement from Pentagon Federal Credit Union ("PENFED") for a Visa card in the name of the

Decedent addressed to Decedent at P.O. Box 141, Waldorf, MD 20804-0141.[6] The principal

balance and the finance charges had been charged off.[7] In addition, Plaintiff Attached the PENFED

Cardholder Agreement and Disclosure Statement, that provides the cardholder agrees to pay all

means of collection including attorney's fees should the cardholder default on the agreement, and

the Projected Interest Statement.[8]

On August 26, 2021, Defendant rejected Plaintiff's claim, stating the amount of $10,363.95

could not be honored because there were no available funds within the estate.[9] On the same date,

Defendant denied a claim against Decedent's estate by DSM Services on behalf of Discover Bank

for $20,294.84 for no available funds within the estate.[10] On September 20, 2021, Defendant filed

an inventory with the Register of Wills.[11] The inventory, on behalf of Decedent, states her date of

death as November 6, 2020, the testamentary letters were granted on June 17, 2021 and Defendant

is the personal representative.[12] Defendant listed the following as probate assets: the property in

Laurel valued at $98,000, $261.83 in two bank accounts and a 2009 Nissan Murano valued at

$3,532 totaling 101,793.83.[13] Defendant signed the oath/affirmation that having made due inquiry

concerning the goods, chattels, money and credits due and belonging to the Decedent, the

---

[5] *Id.* (All claims against a decedent's estate which arose before or at the death of the decedent, whether due or to become due are barred against the estate, the personal representative and the heirs and devisees of the decedent unless presented within 8 months of the decedent's death).
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Plaintiff's Exhibit C.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

inventory contained all the goods, chattels, money and credits due or belonging to the deceased person that has come to his knowledge and is true to the best of his knowledge.[14] In a Request for Admissions dated April 27, 2022, Defendant stated Decedent's estate included a mobile home and land, the value was in excess of $100,000, and Defendant currently lives there and it has been his home of record since July 15, 2019.[15]

On a Bill of Sale dated November 27, 2019, and signed by the Chief Credit Officer, PENFED sold Decedent's debt to UHG I LLC for Lot Number: 19-1114.[16] On June 30, 2020, UHG I LLC executed an assignment and Bill of Sale Agreement, signed by the Chief Operating Officer, with Plaintiff. The information provided states Lot 19-1114, lists Decedent's name, date of birth, the original creditor, the loan type (VISA), the original account number, Decedent's social security number, Decedent's address, home telephone number, cell phone number, GRS File No. 9924146 and the original creditor principal balance of $8,853.53. The documents note the last payment made by Decedent to the original creditor occurred on October 4, 2019.

Plaintiff submitted monthly statements belonging to Decedent for the VISA from PENFED starting November 6, 2017, that show a monthly payment of at least the minimum monthly amount due of $165 through the remainder of 2017, all of 2018 and up until March 6, 2019.[17] On March 6, 2019 no payment was made, the minimum payment was now $330 and the balance was $8,279.72.[18] The payments have the same account number ending in 1607 and were mailed to the P.O. Box 141, Waldorf, MD address.[19] On April 6, 2019, Decedent failed to make the minimum

---

[14] *Id.*
[15] Plaintiff's Exhibit D.
[16] Plaintiff's Exhibit F.
[17] Plaintiff's Exhibit G.
[18] *Id.*
[19] *Id.*

4

payment and PENFED informed her charge privileges had been suspended.[20] On May 6, 2019, Decedent failed to make a payment and PENFED informed her they would be reporting her credit history to the credit bureaus.[21] Decedent made no further payments until October 6, 2019 for $2.29 and on October 28, 2019 PENFED charged off the account.[22]

On November 4, 2021, Plaintiff filed a debt action with this honorable Court.[23] On November 22, 2021, Defendant filed an Answer. On March 9, 2022, Plaintiff made a Request for Admissions. On July 5, 2022, the Court scheduled a pre-trial conference for August 30, 2022. On August 25, the pre-trial conference was cancelled by the Court due to a scheduling conflict and the conference was rescheduled for October 4, 2022. In Defendant's pre-trial worksheets, he asserts Plaintiff cannot prove or show ownership of the debt, the records are hearsay and Plaintiff does not have standing to sue. On December 2, 2022, the Court scheduled the matter for trial. Plaintiff submitted an Affidavit of Notice under Delaware Rules of Evidence 803(6)(D) and 902(11).[24] In the signed and notarized Affidavit, Miles Fisher ("Fisher") attests he is a representative of the Plaintiff and is authorized to make this Affidavit.[25] Additionally, he attests Plaintiff is the rightful owner of this account and he is keeper of the books and records of Plaintiff, which are kept in the ordinary court of business and entries were made at or near the time of occurrence.[26] Fisher states as a representative of Plaintiff, he certifies the authenticity of the

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Pursuant to 12 *Del. C.* § 2104(2), [T]he claimant may commence a proceeding against the personal representative in any court where the personal representative may be subject to jurisdiction, to obtain payment of the claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim.
[24] Plaintiff's Exhibit I.
[25] *Id.*
[26] *Id.*

documents and that they were made contemporaneously by someone with knowledge of the transaction.[27] Fisher states the making of these records was a regular activity of business for Plaintiff, and they were maintained electronically.[28] Fisher asserts he reviewed the books and records of Plaintiff with respect to the indebtedness of Defendant as Administrator of the estate of Sireta Snead, and the books reflect that as of January 10, 2023, there was a principal amount due of $8,853.53, plus post-judgment interest at the legal rate from the date of judgment, plus attorney's fees and costs.[29] The Court held a trial on January 18, 2023.

## PARTIES CONTENTIONS

Plaintiff asserts Defendant, as the personal representative/Administrator of his mother's estate, wrongfully denied Plaintiff's estate claim citing no assets in the estate. However, Defendant filed an inventory with the Register of Wills for Decedent showing the estate had assets totaling $101,793.83. At the time of her death, Decedent had defaulted on a VISA credit card for non-payment with the original creditor. Plaintiff now owns that debt and seeks judgment against Defendant for the principal amount, pre-judgment interest at the rate f 11.99% annum from October 4, 2019 to the present, post-judgment interest at the legal rate and reasonable attorney's fees plus costs. Plaintiff asserts the records provided to the Court are admissible under the business records hearsay exception and are self-authenticating.

Defendant admits Decedent is his mother and he was appointed the personal representative/Administrator of her estate as he is her sole heir, and she died intestate. While Defendant learned Decedent maintained a Post Office box during the probate process, he maintains he was unaware of the credit card. Defendant asserts Plaintiff cannot prove they own the debt

---

[27] *Id.*
[28] *Id.*
[29] *Id.*

6

through records as they are hearsay, and he denies any liability as to the amount of debt of Decedent.

## STANDARD OF REVIEW

The Court is the trier of facts and has the sole discretion to determine the credibility of the witnesses and any evidence provided.[30] If there is conflicting evidence presented at trial, the Court has to reconcile these conflicts – if reasonably possible – in order to find congruity.[31] However, if the Court is unable to find such congruity, the Court must determine which portions of the testimony deserve more weight.[32] Any portion of the testimony which the Court finds unsuitable for consideration must be disregarded.[33] The Court considers "the witnesses' demeanor, or the fairness and descriptiveness of their testimony, their ability to personally witness or know the facts about which they testify, and any biases or interests they may have concerning the nature of the case."[34]

## DISCUSSION

In civil claims, the party asserting the claim bears the burden of proving each and every element of the claim by a preponderance of the evidence.[35] The side of the greater weight of the evidence is found is the side on which the preponderance of the evidence lies.[36] If the evidence is in even balance, then the party bearing the burden of proving a fact by a preponderance of the evidence has failed to satisfy the burden.[37]

---

[30] *Leep v. Weline*, 2018 WL 301089, *5 (Del. Com. Pl. Jan. 3, 2018).
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Sullo v. Kousournas*, 2010 WL 718666, at *6 (Del. Super. Feb. 3, 2010).
[36] *Reynolds v. Reynolds*, 237 A.2d 708, 711 (Del. 1967).
[37] *Fletcher v. Shahan*, 2002 WL 499883, at *3 (Del. Super. March 6,2002).

Decedent, Defendant's mother, maintained a VISA credit card trough PENFED and billed through her Post Office box in Waldorf, MD. The Court finds the statements verifying payment from 2017 through 2019 establish the financial relationship between Decedent and the original creditor. On or about March 6, 2019, Decedent failed to make payments. PENFED, the original creditor, charged off the debt of $8,853.53 on October 28, 2019. The Cardholder Agreement and Disclosure Statement allowed for the collection of attorney's fees. The Court finds the Decedent, who died November 6, 2020, intestate, died in default of the financial debt and was responsible for all means of collection. Defendant fails to dispute the Decedent maintained a credit card, a Post Office box that she used for correspondence or that the Decedent was in default of the debt upon her death.

Plaintiff submitted at trial, the assignment, and bills of sale between PENFED and UHG I LLC in 2019, as well as between UHG I LLC and Plaintiff in 2020 for Decedent's defaulted credit card debt. The documentation shows the same account number, Lot No. 19-1114, Decedent's name, date of birth, the original creditor, the loan type (VISA), the original account number, Decedent's social security number, Decedent's address, home telephone number, cell phone number, GRS File No. 9924146 and the original creditor principal balance of $8,853.53. The documents note the last payment made by Decedent to the original creditor occurred on October 4, 2019. While Defendant does not dispute Decedent's debt may have been sold, Defendant asserts Plaintiff cannot prove they own the debt with only records and no live witnesses as that is hearsay.

Under the Delaware Rules of Evidence, hearsay (in this case a written assertion) offered into evidence at trial to prove the truth of the matter asserted in the statement without the

8

declarant's testimony is inadmissible.[38] Plaintiff asserts the documentation illustrating the sale of Decedent's debt falls under the business records exception and therefore are self-authenticating.[39]

"Hearsay may be admissible, usually under a specific exception, only where the declaration has some theoretical basis making it inherently trustworthy.[40] Therefore, absent some special indicia of reliability and trustworthiness, hearsay statements are inadmissible."[41] Qualifying business records are a recognized exception to the hearsay rule under D.R.E. 803(6)(B), and are defined as: [A] memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of regularly conducted business activity, and if it was the regular practice of that business to make the memorandum, report, record or data compilation, as all shown by the testimony of the custodian or other qualified witness ... unless the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.[42] "Even if the statement satisfies these requirements, however, the trial court may nevertheless exclude the statement where the method of preparation of the record or the source of the information indicates a lack of trustworthiness."[43]

"The business records from one business may qualify as business records under D.R.E. 803(6)(B) of a second business provided that the second business has adequate verification or other strong assurances that the records are accurate." [44] Plaintiff submitted, both in its Complaint and

---

[38] D.R.E. 801.
[39] D.R.E. 803(6)(B) and 902(11).
[40] *Delaware Acceptance Corp. v. Swain*, 2012 WL 830563 at *3 (Del. Com. Pl. Jan. 31, 2012).
[41] *Id.*
[42] *Id.*
[43] *Brown v. Liberty Mutual Insurance Co.*, 774 A.2d 232, 238 (Del. 2001).
[44] *Delaware Acceptance Corp.* at *3.

9

at trial, a notarized Affidavit from Plaintiff's Custodian of Records. Plaintiff's custodian, Mike Fisher, attests Plaintiff is the rightful owner of the debt, the records were made in the ordinary course of business and made at or near the time of occurrence. In addition, Fisher attests to the authenticity of the records as they were made by someone with knowledge of the transaction, and this was the true accounting of the debt owed by Defendant as the personal representative/Administrator of Decedent's estate.

The Court finds that Plaintiff has met its burden that it owns the defaulted credit card debt and may sue to obtain payment. Plaintiff provided almost two years of credit card statements of Decedent from the original creditor PENFED including the final statement that shows PENFED charged off the debt. Plaintiff submitted the Bill of Sale between PENFED and UHG I LLC dated November 27, 2019, for the account of Decedent in Lot No. 19-1114. Plaintiff submitted an Assignment and Bill of Sale between UHG I LLC and Plaintiff dated June 30, 2020, for the account of Decedent in Lot No. 19-1114. The Court holds the records meet the requirements for the Business Records hearsay exception. The Decedent's record of default is a record kept in the ordinary course of business, they were made contemporaneously by someone with knowledge, and it was a regular practice of each of the business entities. The Court finds no lack of trustworthiness as the original creditor, a credit union, charged off the defaulted debt to a debt recovery company who sold the debt to yet another debt recovery company. In addition, as the records are deemed business records by this honorable Court, the records are self-authenticating pursuant to D.R.E. 902(11) which states: "The following items are self-authenticating; they require no extrinsic evidence of authenticity to be admitted: The original or a copy of a domestic record that meets the requirements of D.R.E. Rule 803(6)(A-C) as shown by certification of the custodian or another qualified person that complies with a Federal statute or a law of this State."

10

Finally, Defendant admits the Decedent, Sireta Snead is his mother and she died intestate on November 6, 2020. Defendant denied Plaintiff's Statement of Claim against his mother's estate in writing citing no available funds as the reason. Defendant filed an Inventory of the assets of the estate exceeding $100,000 and attested by notarized writing to its accuracy. Defendant admitted he is the sole heir of Decedent and is her personal representative as of June 17, 2021, when he received testamentary letters. Pursuant to 12 *Del.* C. § 2104(2), Plaintiff may commence a proceeding against Defendant, the personal representative of the Decedent, to obtain payment of the claim against the estate.

.

## CONCLUSION

For the reasons set forth in this Opinion, **IT IS SO ORDERED** this 31st day of March 2023 the Court finds, by a preponderance of evidence that Plaintiff provided sufficient evidence it owns the defaulted credit card debt of Decedent Sireta Snead that occurred prior to her death and Decedent's estate is indebted to Plaintiff. The Court further finds by a preponderance of the evidence that Defendant, as personal representative/Administrator of Decedent's estate is responsible for payment of the debt. This honorable Court enters judgment in favor of Plaintiff for $11,600.13 including principal debt ($8,853.53), pre-judgment interest ($1,116.80), reasonable attorney's fees ($1,495.55) and court costs ($134.25). Post-judgment interest at the legal rate until paid.

The Honorable Rae M. Mims
Judge

Cc:     Shelly Swafford, Judicial Case Manager Supervisor